IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NARVELL D. WILLIAMS #43836037
    Petitioner

v.

UNITED STATES OF AMERICA
    Respondent

Civil Action No. WDQ-13-225
(Related Crim. Case WDQ-08-484)

\*\*\*

MEMORANDUM OPINION

In response to this Court's Order to Show Cause, Respondent filed a Motion to Dismiss the above-styled Motion to Vacate as untimely. ECF No. 67. Petitioner was advised of his right to file a response to the allegation that the motion is untimely. ECF No. 69. Petitioner sought and was granted five extensions of time in which to file a response, but failed to file anything opposing the Motion to Dismiss. ECF No. 76 – 84. For the reasons that follow, the unopposed Motion to Dismiss shall be granted without an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2255 Proceedings for the United States District Courts* and Local Rule 105.6 (D. Md. 2011).

On February 26, 2010, Petitioner Narvell Williams ("Williams"), entered a plea of guilty to Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. Section 841(a)(1) and 841(b)(1)(C). On May 19, 2010, Williams was sentenced to serve a term of 144 months. Williams did not file an appeal and filed the instant Motion to Vacate on January 22, 2013.

In his Motion to Vacate Williams alleges the government breached the plea agreement by failing to "dismiss all violations of probation from the State." ECF No. 64 at p. 5. He asserts that because of the failure to dismiss all pending probation proceedings, he now has a detainer lodged against him, making him ineligible for certain programs and increasing his security designation within the Federal Bureau of Prisons. *Id.* at p. 4. In addition, Williams claims

counsel was ineffective because the sentence imposed was excessive in light of the amount of cocaine base he pled guilty to possessing. *Id.* at p. 5.

Under the provisions of 28 U.S.C. §2255, the one-year limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris* 209 F. 3d at 330. To be entitled to equitable tolling, Petitioner in the instant case must establish that either some wrongful conduct by Respondent contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2004). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court

should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F. 3d at 708.

Williams has provided no basis for finding that equitable tolling of limitations period is appropriate in this case. Williams seemingly relies on the "new evidence" exception to the one-year filing deadline; however, his assertion that there was an agreement that pending state charges of violation of probation would be dismissed is incorrect. The plea agreement provides only that open counts against Williams would be dismissed. ECF No. 54 at p. 5. Respondent has no power to dismiss pending state charges.

The Motion to Vacate shall be dismissed as untimely and Respondent's Motion to Dismiss shall be granted by separate Order which follows. A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not issue. *See* 28 U.S.C. §2253(c)(2).

_11/12/13_
Date

_/s/ William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge

3